**RECORD NOS. 12-4235(L); 12-4236**

In The
# United States Court of Appeals
For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**JONATHAN CLINGMAN LOGAN,**

*Defendant – Appellant.*

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT ASHEVILLE**

---

**REPLY BRIEF OF APPELLANT**

---

**Henderson Hill**
**Executive Director**
**FEDERAL DEFENDERS OF
  WESTERN NORTH CAROLINA, INC.**

**Ann L. Hester**
**FEDERAL DEFENDERS OF
  WESTERN NORTH CAROLINA, INC.**
**129 West Trade Street, Suite 300**
**Charlotte, North Carolina  28202**
**(704) 374-0720**

*Counsel for Appellant*

---

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ..................................................................................................1

ARGUMENT ..........................................................................................................2

    I.       The Presumption of Reasonableness Accorded a Within-Guidelines Sentence Applies Only to Substantive, Not Procedural, Reasonableness ...............................................................2

    II.      The District Court's Reference to Logan's Medical Issues When Recommending a BOP Placement Does Not Amount to Consideration of Logan's Sentencing Argument .................................4

    III.     The Record Does Not Support the Government's Argument That Logan's Plea for a Shorter Sentence Because of His Medical Condition Was Weak ............................................................6

    IV.     The Government Has Cited No Authority Justifying the District Court's Decision to Categorically Exclude a Previously Served, Illegal Sentence As Mitigating Evidence in Sentencing .......................8

CONCLUSION .....................................................................................................11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Gall v. United States*,
      552 U.S. 38 (2007)..................................................................................3

*Pepper v. United States*,
      131 S. Ct. 1229 (2011).................................................................2, 8, 9, 10

*Rita v. United* States,
      551 U.S. 338 (2007)..............................................................................2, 3

*United States v. Carpenter*,
      320 F.3d 334 (2d Cir. 2003) ...............................................................10

*United States v. Lynn*,
      592 F.3d 572 (4th Cir. 2010) ..............................................................6, 7

*United States v. Soles*,
      336 F. App'x 287 (4th Cir. 2009)........................................................9, 10

*United States v. Thompson*,
      595 F.3d 544 (4th Cir. 2010) ..............................................................1, 4, 5

*United States v. Watts*,
      519 U.S. 148 (1997)..............................................................................8

## **STATUTES**

18 U.S.C. § 3553(a) ...........................................................................................3

18 U.S.C. § 3553(c) ...........................................................................................3

18 U.S.C. § 3661 ..........................................................................................8, 10

# **INTRODUCTION**

At the outset of its argument, the government contends that this Court should apply a presumption of reasonableness to the procedural aspects of the district court's sentencing in this case. This argument misunderstands Supreme Court precedent. While the substantive reasonableness of a within-Guidelines sentence may be viewed with a presumption of reasonableness, that presumption does not extend to questions of procedural reasonableness such as those Logan raises in this appeal.

And despite the government's arguments to the contrary, Logan's sentencing was procedurally unreasonable in two respects. First, as this Court's decision in *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010), makes clear, the district court's recommending Logan's placement in a BOP medical facility is no substitute for considering his sentencing argument his serious medical conditions justified a lower sentence. Although the government characterizes Logan's sentencing argument as "weak" and any error as harmless, the record belies that assertion. In fact, the record demonstrates that Logan has significant medical problems and that his jailers' inability to care for him already had caused a serious injury that required surgery.

Second, the district court rendered Logan's sentencing procedurally unreasonable when it decided that regardless of who a defendant is, a defendant's

1

having previously served an unlawful sentence is not relevant to sentencing at a later supervised revocation hearing. That ruling is contrary to *Pepper v. United States*, 131 S. Ct. 1229 (2011), which prohibits a sentencing court from categorically excluding evidence at sentencing absent a legislative mandate to do so.

These sentencing errors require that Logan's sentence be vacated and that he receive a new sentencing hearing.

## ARGUMENT

### I. The Presumption of Reasonableness Accorded a Within-Guidelines Sentence Applies Only to Substantive, Not Procedural, Reasonableness.

The government contends that Logan's sentence "was within the applicable guideline range and, therefore, can be presumed to be reasonable by this Court." G. Br. 9; *see also id.* at 11. This is incorrect. While a reviewing court may presume that a sentence within the Guideline sentencing range is substantively reasonable, the same presumption does not apply to the Court's review for procedural reasonableness.

In *Rita v. United States*, the Supreme Court held that a court of appeals "may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." 551 U.S. 338, 347 (2007). Such a presumption on appeal is permitted because it "recognizes the real-world circumstance that when the judge's discretionary decision accords with the

2

Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable." *Id.* at 350-51. But as *Rita* itself demonstrates, the presumption of reasonableness applies to the length of the sentence, not to questions about procedural reasonableness, such as whether the sentencing court addressed a defendant's arguments when imposing the sentence. *See id.* at 356.

In *Rita*, the petitioner argued that the district court had failed to give an adequate explanation of its sentence under 18 U.S.C. § 3553(c), which requires the sentencing judge to "'state in open court the reasons for its imposition of the particular sentence.'" *Id.* (*quoting* § 3553(c)). In addressing that issue, the Supreme Court applied no presumption that the district court's sentencing was procedurally reasonable. It applied the presumption of reasonableness only when it addressed whether the facts of Rita's case required a below-Guidelines sentence. *Id.* at 359-60. *Gall v. United States* makes clear that any presumption of reasonableness applies only when an appellate court is considering the "substantive reasonableness of the sentence imposed," not when it is evaluating the procedures used in arriving at the sentence imposed. 552 U.S. 38, 40, 51 (2007). Consequently, the issues Logan raises in this appeal, all of which concern the procedural reasonableness of his sentence, are not subject to any presumption of reasonableness on appeal.

3

## II. The District Court's Reference to Logan's Medical Issues When Recommending a BOP Placement Does Not Amount to Consideration of Logan's Sentencing Argument.

The government acknowledges that the district court "did not specifically mention . . . in its explanation of sentence" Logan's argument that his sentence should be lower because of his medical conditions. G. Br. at 9; *see also id.* at 13. Nevertheless, the government contends that the record shows the district court considered it because "the district court's remark to defendant's request to be placed in a medical facility showed that he heard this argument and was mindful of the various health issues Defendant faced." *Id.* at 13. Contrary to the government's argument, under this Court's precedents, referring to Logan's medical condition when making a recommendation about his designation in the Bureau of Prisons does not demonstrate that the court considered Logan's medical issues when sentencing him.

For example, in *United States v. Thompson*, the Court noted that, while a district court's reasons for a sentence may sometimes be determined from the court's statements to the defendant during the sentencing hearing, "those other statements must actually relate to the imposed sentence, not some distinct, penological or administrative question." 595 F.3d 544, 547 (4th Cir. 2010). In *Thompson*, the district court's comments related to whether it would allow Thompson to self-report, not to the length of Thompson's sentence, and this Court

4

held that it could not impute the district court's reasons for denying self-surrender to its reasons for imposing the sentence it selected. *Id.*

Similar to *Thompson*, here—as the government acknowledges—the district court made its only statements about Logan's medical condition in response to Logan's request to be placed in a BOP medical facility. JA 171, 186. Specifically, when Logan asked for assignment to a medical facility before the court pronounced sentence, the court responded, "Well, and I was just getting ready to ask you about that, whether there was also a request for a recommendation to a medical facility in light of the problems that the defendant has." JA 171. The court made its only other reference to Logan's medical condition when it pronounced sentence, stating: "The Court will also recommend that, with regard to both of these judgments, that the defendant be housed at a facility that is capable of providing medical treatment with regard to the defendant's diabetes and relative to his prior amputation as well as his prior spinal surgery." JA 186.

Neither of these statements addressed Logan's argument that his *sentence* should be lower because he had serious medical conditions that would be better treated outside the prison environment. As in *Thompson*, the court's statements related not to Logan's sentence, but to a distinct "penological or administrative question." *See* 595 F.3d at 547. And as in *Thompson*, the district court failed to

5

respond to Logan's sentencing argument. Consequently, Logan's sentence is procedurally unreasonable.

### III. The Record Does Not Support the Government's Argument That Logan's Plea for a Shorter Sentence Because of His Medical Condition Was Weak.

The government argues that, even if the trial court erroneously failed to consider Logan's mitigation argument about his medical condition before sentencing him to the top of the Guideline range, then that error was harmless because Logan had engaged in fraud while suffering from the medical issues he cited as reasons for a lower sentence. G. Br. 15. In the government's judgment, because of Logan's propensity to commit fraud, "[h]is argument for leniency because of his medical issues should not, then, have persuaded the court to impose any lower sentence." *Id.*

This argument fails to explain how the error could be harmless under the applicable harmless-error standard of review. In *United States v. Lynn*, this Court held that "[t]o avoid reversal for non-constitutional, non-structural errors like this, the party defending the ruling below (here, the Government) bears the burden of demonstrating that the error was harmless, i.e. that it 'did not have a "substantial and injurious effect or influence" on the result." 592 F.3d 572, 585 (4th Cir. 2010). The government fails to make that showing here.

6

The government's argument entirely overlooks Logan's significant medical issues, the fact that incarceration had already resulted in a serious spinal injury that made his medical problems worse, and the fact that his medical problems might not be treated properly in prison. *See*, *e.g.*, JA 125-26, 163-65. The government itself acknowledged the significance of Logan's medical problems at sentencing when it told the court "I have no doubt that what would be best for this defendant would be for him not to have to spend much time in imprisonment, and he probably does have some medical conditions that are difficult for him to have to persevere." JA 172. Nevertheless, the government went on to ask for a sentence at the top of the Guidelines range. JA 174.

In light of Logan's significant medical issues and the fact that incarceration had already made his condition worse before sentencing, "[t]he district court's explicit consideration of [Logan's] arguments for a lower sentence might have convinced the court to impose such a sentence." *Lynn*, 592 F.3d at 582. The government cannot demonstrate that the district court's failure to consider Logan's argument about his medical condition did not have a substantial effect on the district court's selection of a high-end sentence in this case.

**IV.   The Government Has Cited No Authority Justifying the District Court's Decision to Categorically Exclude a Previously Served, Illegal Sentence As Mitigating Evidence in Sentencing.**

The government contends that it is "not clear that the district court refused to consider" mitigating evidence that Logan had previously been confined at least five months longer than he should have been for his first federal conviction. G. Br. 18. But this ignores the requirements of *Pepper v. United States*, 131 S. Ct. 1229 (2011), as well as the district court's clear statements that it categorically would not consider such evidence in mitigation for any defendant.

In *Pepper*, the Supreme Court held that a resentencing court may consider evidence of a defendant's post-sentencing rehabilitation, because "Congress could not have been clearer in directing that '[n]o limitation . . . be placed on the information concerning the background, character, and conduct' of a defendant that a district court may 'receive and consider for the purpose of imposing an appropriate sentence.'" 131 S. Ct. at 1241. The *Pepper* Court went on to say that under 18 U.S.C. § 3661, there is no basis for courts to "'invent a blanket prohibition against considering certain types of evidence at sentencing.'" *Id.* (*quoting United States v. Watts*, 519 U.S. 148, 152 (1997)).

Yet that is exactly what the district court did here when it made a policy decision that having served an illegal prison sentence previously cannot shorten a subsequent sentence for a supervised release violation: "I mean, with regard to the

8

supervised release violation, if that sort of error is made, it isn't that this defendant *or any other defendant* comes out with some sort of credit, that he can commit certain crimes because he's already done some extra time and therefore he can cash in that extra time with doing some sort of violation of the law. I mean, it doesn't work that way." JA 168 (emphasis added). Then, rather than saying that this information would not affect its decision under the particular facts of Logan's case, the court instead concluded that the information was simply off-limits, stating: "I don't see how that's anything I can take into account here." JA 170.

The government cites *United States v. Soles*, 336 F. App'x 287 (4th Cir. 2009), as support for its contention that "failing to give this argument more credence" does not make Logan's sentence plainly unreasonable. But *Soles* did not concern a *Pepper* error as this case does. In *Soles*, the defendant had asked the district court to award sentencing credit for time spent in state custody for the charge of conviction, but the district court was prohibited from making this determination, because "only the Attorney General, through the Bureau of Prisons, may compute sentencing credit." *Id*. at 290. By contrast, here Logan sought a downward variance for time *unlawfully* served in federal custody on his underlying sentence that BOP will *not* count as a sentencing credit. *See* JA 168-70; Op. Br. 18 n. 1.

9

The situation here is not like *Soles*; it is like *Pepper*. In *Pepper*, the sentencing court was not allowed to exclude post-sentencing rehabilitation from consideration as mitigating evidence, because Congress has passed no legislation excluding that information from the general ambit of 18 U.S.C. § 3661. 131 S. Ct. at 1243-47. Neither the district court nor the government has identified any statute excluding an erroneously served prior sentence from consideration as a mitigating factor at sentencing, and no such authority exists. To the contrary, a court should consider in mitigation an erroneously served sentence that BOP will not count as a sentencing credit, because otherwise the defendant "will, upon his ultimate release, have served a longer sentence than would a similarly situated defendant who had been correctly sentenced under the Guidelines in the first instance." *United States v. Carpenter*, 320 F.3d 334, 345 (2d Cir. 2003).

The district court violated § 3661 and *Pepper* when it refused to consider in mitigation a previous, erroneously served sentence when sentencing Logan "or any other defendant" based on its conclusion that "it doesn't work that way." JA 168. Consequently, Logan's supervised release sentence must be vacated and remanded with instructions to consider Logan's previous, erroneously served time in prison.

10

## CONCLUSION

For the reasons stated in this Brief and in his Opening Brief, Appellant Jonathan Clingman Logan respectfully requests that this Court vacate his sentence and remand for further proceedings.

DATED this 24th day of September, 2012.

Respectfully submitted,

Henderson Hill, Executive Director
Federal Defenders of
Western North Carolina, Inc.

/s/ Ann L. Hester
Ann L. Hester
Assistant Federal Defender
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720

ATTORNEY FOR APPELLANT JONATHAN CLINGMAN LOGAN

# **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*2,262*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

   [    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: September 24, 2012            /s/ Ann L. Hester
                                     *Counsel for Appellant*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 24th day of September, 2012, I caused this Reply Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

| | |
|---|---|
| Amy E. Ray | Melissa L. Rikard |
| OFFICE OF THE U.S. ATTORNEY | OFFICE OF THE U.S. ATTORNEY |
| 100 Otis Street, Room 233 | 227 West Trade Street, Suite 1650 |
| Asheville, North Carolina  28801 | Charlotte, North Carolina  28202 |
| (828) 271-4661 | (704) 344-6222 |
| | |
| *Counsel for Appellee* | *Counsel for Appellee* |

I further certify that on this 24th day of September, 2012, I caused the required copies of the Reply Brief of Appellant to be hand filed with the Clerk of the Court.

/s/ Ann L. Hester
*Counsel for Appellant*